[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the Commissioner of Consumer Protection pursuant to § 20-432 (o) of the Connecticut General Statutes (C.S.G.) [(C.G.S.)] seeking reimbursement to the Home Improvement Guaranty Fund from the defendant, Hartford Paving, Inc., for payments from the fund to 34 of the defendant's customers for whom the defendant had performed inadequate work. The defendant CT Page 9832 has raised a special defense of accord and satisfaction claiming an oral side-agreement in which the state agreed not to seek reimbursement to the fund in return for the defendant's signing of a consent agreement. The state denies the existence of an oral side-agreement to the consent agreement and asserts that the validity of the consent agreement cannot be questioned by the defendant because as part of the agreement it waived all rights to judicial review to challenge the document.
On January 23, 1989 the Commissioner of Consumer Protection issued an administrative complaint against the defendant in response to numerous consumer complaints invoking § 20-418
C.G.S. et seq., concerning denial of a renewal of its home improvement contractors registration. After a formal administrative hearing, the Commissioner entered into a stipulation with a consent order on October 15, 1990. The stipulation included a mediation mechanism to solve the consumers' driveway complaints. On December 27, 1990 in response to a breakdown in the mediation mechanism and provisions of the stipulation the Commissioner ordered the defendant to pay $48,745.00 in restitution to 34 named consumers. The defendant failed to do so and on May 3, 1991 the Commissioner issued a complaint pursuant to her authority under § 20-432 (d) C.G.S.
In a consent agreement dated July 12, 1991 the defendant agreed that an order would enter to access the Home Improvement Guaranty Fund on behalf of the 34 consumers and on July 15, 1991 in accordance with the consent agreement the Commissioner ordered that the sum of $48,745.00 be paid from the Guaranty Fund.
On July 17, 1991 the Hearing Officer of the Department of Consumer Protection, Heidi Lane, was furnished by the Director of Frauds of the Department of Consumer Protection with the results of an asset search which revealed that the defendant had assets in the form of construction equipment and motor vehicles. Whereupon the Consumer Protection Commissioner requested the Attorney General to commence this action to reimburse the Fund pursuant to § 20-432 (o) C.G.S.
The defendant has raised two Special Defenses. The second to the effect that because the complaint contained no allegations that the payment was actually made no reimbursement can be sought was abandoned at trial. The first, however, a plea of accord and satisfaction, was pursued at trial. The defendant maintains that the consent agreement dated July 12, 1991 and referred to in CT Page 9833 paragraph 10 of the complaint constituted art accord and satisfaction of all claims and alleged rights relating to reimbursement between the State of Connecticut and Hartford Paving, Inc. It bases this claim on an oral agreement not to seek reimbursement.
The defendant offered evidence to indicate that an oral agreement was reached during the negotiations for the consent agreement under which the State would not pursue reimbursement to the fund.
The State offered evidence that during these negotiations no such agreement was made but that counsel for the State did indicate during these negotiations that the State had never previously sought reimbursement to the Fund and the State would not pursue action in situations where there were no assets available.
In the consent agreement, Hartford Paving admitted all jurisdictional facts alleged in the complaint against it and agreed that the consent order would have the same force and effect as an order entered after a full hearing and would become final when issued. The defendant waived (a) any further procedural steps; (b) the requirement that the Commissioner's decision contain a statement of findings of fact and conclusions of law, and; (c) all rights to seek judicial review or otherwise to challenge or contest the validity of the order entered pursuant to the agreement. The defendant also agreed that an order would enter to pay the named consumers the restitution which had been ordered on December 27, 1990 same to be paid out of the Home Improvement Guaranty Fund. The defendant also agreed to withdraw the Home Improvement Registration Applications for Catherine Presutti, Joseph Presutti and Hartford Paving, Inc., and that Catherine, Joseph and the Hartford Paving would never reapply for a Home Improvement Registration in any capacity, including officer or director of a corporation, contractor, contractor of record or sales person.
In the opinion of this court, the entire agreement was contained in the consent agreement dated July 12, 1991 and cannot be varied even if there were an oral agreement not to seek reimbursement. As to this point, however, the court is of the opinion that there was no such agreement. Such a representative of the State, as an attorney or hearing officer would have had no authority to enter into such an agreement in CT Page 9834 the absence of a statute or regulation and no such authority has been offered. At the time of the alleged conversation, an asset search had already been ordered. This is consistent with the absence of an oral agreement. The consent agreement was complete and clear and was based entirely upon the statutory provisions of which the defendant was well aware. The defendant knew full well that the Commissioner had the discretion to seek reimbursement if assets were found and could have refused to enter into the consent agreement if it was relying on no reimbursement. It may be that the representatives of the defendant were lulled into a sense of false security not being aware of the value of the assets or thinking that the assets were of insufficient value for the Commissioner to bother to search them out. However, the facts were to the contrary.
As to the alleged consideration given by the defendants for the consent agreement itself, i.e., the waiver of certain rights including the right to seek future registration, this was done undoubtedly to save the defendant the considerable expense of further litigation as to its liability to the consumers.
As to the claim that the terms of the consent agreement itself, apart from the alleged oral agreement, constitutes an accord and satisfaction, this may be true as to further actions concerned with liability to consumers and litigation as to future registrations but fails completely to address the question of reimbursement.
It is the opinion of the court that the consent agreement contains the complete agreement of the parties; it contains no waiver of reimbursement to the fund; the applicable statute authorizes the Commissioner to seek reimbursement. She has done so within the framework of the statute and regulations and accordingly judgment may enter for the plaintiff in the amount of $48,745.00.
Hale, State Trial Referee